**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROGER HALL,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 1:25-cv-12956<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, counsel for Plaintiff Roger Hall ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (Baidu Maps and Amap). I make this

1

Declaration in support of Plaintiff's Supplemental Memorandum filed in response to the Court's Orders at [36] and [48].

2. The Court's Order [36] directs Plaintiff to address (1) whether the addresses of the Defendants are known and (2), if the addresses are not known, the efforts Plaintiff undertook to discover them. This Declaration and the accompanying Exhibits A and B address both questions. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

3. **Address ascertained.** For each of the 147 PRC Defaulting Defendants addressed in this Declaration, I began with the address the platform states for the seller, as reflected in Plaintiff's Schedule of Defendants. The stated address for each Defendant is set out in **Exhibit A**.

4. **Address searched (efforts undertaken).** For each Defendant, the stated address was searched on five independent, publicly available resources, a Google web search, a Baidu web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图), and a screenshot of each search was captured. The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; but I personally examined every capture, and I personally read and interpreted the Chinese-language search results. I am able to do so as a native reader and writer of Chinese who is familiar with Chinese-language mapping services and with the way Chinese addresses are structured. The captures for each Defendant (the five searches described above) are collected, by Defendant, in **Exhibit A**.

5. **Map results.** Reading and interpreting the Chinese-language map results myself, I determined that for all 147 PRC Defaulting Defendants the searches did not verify the stated address as a real, current location connected to the Defendant. For each Defendant the searches either (a) did not locate the stated address at all; (b) resolved only to a broad district, township, rural village, or residential community rather than the stated street and unit; (c) returned different, unrelated establishments; or (d) showed the stated unit to be a shared workstation (工位), a "residence-declaration" registration, or a virtual/cluster-registration (集群地址) or business-secretary (商务秘书地址) address rather than the Defendant's own premises. For 20 of these Defendants (Defendant Nos. 36, 40, 46, 48, 51, 54, 55, 69, 82, 95, 100, 109, 121, 123, 130, 142, 149, 170, 173, and 175), the seller-information page is not available and no searchable address exists, so no map or web capture was possible and the address is not known for the independent reason that no address remains to search. Many Hong Kong- or romanized-form addresses contain no Chinese characters and could not be reconciled on Baidu Maps (百度地图) or Amap (高德地图) at all. The specific result for each Defendant is stated in **Exhibit A**.

6. **PRC business-registry check.** I personally checked the 147 PRC sellers against the Tianyancha (天眼查) PRC business-registry database and read the Chinese-language registry records myself; the results are compiled in **Exhibit B**. 147 returned no matching registered entity. 0 returned a match. 0 Tianyancha API calls were rate-limited and returned no result. No defendant has a registered entity that can be verified as the 'person to be served' within the meaning of Article 1.

7. **Conclusion.** As to all 147 PRC Defaulting Defendants, no ascertainable registered entity exists that can be verified as the 'person to be served' within the meaning of Article 1, and

3

8. Exhibit A is a true and correct compilation, for each searched Defendant, of the Google web, Baidu web, Google Maps, Baidu Maps, and Amap search captures described above. **Exhibit B** is a true and correct compilation of the Tianyancha registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
Counsel for Plaintiff